Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James H. Alesia | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 00 C 1805 | **DATE** | September 20, 2001 |
| **CASE TITLE** | *Juniel vs. Park Forest-Chicago Heights School District* | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. The court (1) grants defendant's motion for summary judgment on plaintiff's Title VII claim [17-1]; (2) denies defendant's motion to strike; and (3) denies plaintiff's motion to strike [30-1]. Plaintiff's claims under § 1981 and § 1983 remain pending.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | **3** number of notices | **Document Number** |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | SEP 2 1 2001 date docketed | 38 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | JM docketing deputy initials | |
| | Mail AO 450 form. | | | |
| | Copy to judge/magistrate judge. | FILED FOR DOCKETING 01 SEP 20 PM 5: 30 | SEP 2 1 2001 date mailed notice | |
| CW | courtroom deputy's initials | Date/time received in central Clerk's Office | JM mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

LEONARD JUNIEL, SR., )
)
    Plaintiff, )
)
v. ) Case No. 00 C 1805
)
PARK FOREST-CHICAGO HEIGHTS ) Judge James H. Alesia
SCHOOL DISTRICT 163, )
)
    Defendant. )

SEP 21 2001

## MEMORANDUM OPINION AND ORDER

Currently before the court are (1) defendant's motion for summary judgment, (2) plaintiff's motion to strike portions of plaintiff's affidavit, and (3) plaintiff's motion to strike certain portions of defendant's response to plaintiff's Local Rule 56.1 Statement. For the following reasons, the court (1) grants defendant's motion for summary judgment on plaintiff's Title VII claim, (2) denies as moot defendant's motion to strike,[1] and (3) denies as moot plaintiff's motion to strike.[2]

---

[1] In its reply brief supporting its summary judgment motion, defendant moves to strike portions of plaintiff's affidavit submitted in opposition to the summary judgment motion. Even if it considered these portions of plaintiff's affidavit, this court still would grant defendant's motion for summary judgment. Therefore, the court denies as moot defendant's motion to strike.

[2] In granting defendant's motion for summary judgment, the court did not consider the portions of defendant's response that plaintiff moves to strike. Therefore, the court denies as moot plaintiff's motion to strike.

# I. BACKGROUND[3]

Beginning February 21, 1996, plaintiff Leonard Juniel, Sr. ("Juniel"), an African-American, was employed as the Director of Technology for defendant Park Forest-Chicago Heights School District 163 ("the District"). On March 30, 1998, the Board of Education of the District adopted a reduction in force. Shortly before March 30, 1998, a meeting was held wherein Juniel was notified that his position was targeted for elimination. Further, Juniel received informal notice of the actual reduction in force between March 30, 1998 and April 15, 1998. On April 10, 1998, Juniel received formal notice of the reduction of force in the form of a certified letter notifying him of his dismissal effective May 30, 1998.

The position of Director of Technology was discontinued and still does not exist in the District. Rather, the twenty-one duties and responsibilities of the position of Director of Technology were spread among numerous individuals at the District.

Juniel alleges by affidavit that at some indeterminate time after his dismissal, his wife "saw a directory of the school district for the fall of 1998, where Mike Nicolai, (Caucasian) and Robert Thomas (Caucasian) are listed as 'District office technology' staff." (Juniel Aff. ¶ 3.) Juniel alleges that this was the first time he realized the District had terminated him because of his race.

On April 21, 1999, Juniel filed a charge with the EEOC alleging that the District discriminated against him based upon his race in regard to his dismissal, in violation of Title VII

---

[3]Unless otherwise indicated, the following facts – taken from the parties' Local Rule 56.1 statements – are undisputed.

of the Civil Rights Act of 1964. On December 29, 1999, Juniel received a right to sue letter from the EEOC. On March 24, 2000, Juniel filed a *pro se* complaint of employment discrimination, alleging that the District discriminated against him on March 30, 1998, because of his race, in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 1981, and 42 U.S.C. § 1983. Juniel subsequently retained an attorney to represent him in this case. The *pro se* complaint was not amended by counsel.

The District is now moving for summary judgment, arguing that it is entitled to summary judgment because (1) Juniel's claim is time-barred and (2) Juniel cannot establish a *prima facie* case of racial discrimination. In its motion for summary judgment, the District addresses Juniel's claim only in light of Title VII, not § 1981 or § 1983. Therefore, the court treats the District's motion as a motion for summary judgment on Juniel's claim only under Title VII, and his claims under § 1981 and § 1983 stand unchallenged.

## II. DISCUSSION

### A. Summary judgment standard

Summary judgment is appropriate only where "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see Funeral Fin. Sys. v. United States*, 234 F.3d 1015, 1017 (7th Cir. 2000) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986)). A genuine issue of material fact exists when, viewing the record and drawing all reasonable inferences in a light most favorable to the non-moving party, a reasonable jury could return a verdict for the

non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Smith v. Severn*, 129 F.3d 419, 425 (7th Cir. 1997).

The moving party bears the burden of showing that no genuine issue of material fact exists. *Celotex*, 477 U.S. at 325 (noting also that "the burden on the moving party may be discharged by 'showing' – that is, pointing out to the district court – that there is an absence of evidence to support the nonmoving party's case."). Once the moving party makes a *prima facie* showing that it is entitled to judgment as a matter of law, the non-moving party must set forth specific facts showing that a genuine issue for trial exists. *Id.* at 324; *Schroeder v. Lufthansa German Airlines*, 875 F.2d 613, 620 (7th Cir. 1989). The non-moving party cannot rest on the pleadings alone, but must designate *specific facts* in affidavits, depositions, answers to interrogatories or admissions that establish that there is a genuine triable issue. *Selan v. Kiley*, 969 F.2d 560, 564 (7th Cir. 1992). The non-moving party "'must do more than simply show that there is some metaphysical doubt as to the material facts.'" *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252.

The District argues that it is entitled to summary judgment on Juniel's Title VII claim because this claim is time-barred. Because the court agrees that Juniel's Title VII claim is time-barred, it need not discuss the merits of this claim.

4

**B.   Time Bar**

Under 42 U.S.C. § 2000e-5(e), a charge of racial discrimination must be filed with the EEOC "within three hundred days after the alleged employment practice occurred." The filing of such a charge within the statutory time limit is a jurisdictional prerequisite to the commencement of a Title VII action in district court. *Bugg v. Int'l Union of Allied Indus. Workers of Am.*, 674 F.2d 595, 598 (7th Cir. 1982). In cases of alleged discriminatory termination, the limitations period begins to run on the date the plaintiff is *notified* that he will be terminated. *Zakaras v. United Airlines, Inc.*, 121 F. Supp. 2d 1196, 1208 (N.D. Ill. 2000) (citing *Delaware State Coll. v. Ricks*, 449 U.S. 250, 259 (1980)). *See also Librizzi v. Children's Mem'l Med. Ctr.*, 134 F.3d 1302, 1306 (7th Cir. 1998) (stating that limitations period "begins on the date the employee learns about the adverse decision ... rather than when the financial consequences of the decision are felt.").

In this case, Juniel was notified before March 30, 1998, that his position was targeted for elimination; he received notice of the actual reduction in force between March 30, 1998 and April 15, 1998; and he received formal notice of the reduction in force on April 10, 1998, when he received a certified letter notifying him of his dismissal effective May 30, 1998. Therefore, the latest possible date Juniel may argue he received notice of his termination was April 10, 1998, when he received the certified letter. Even taking this late date as the date of notice, Juniel's Title VII claim is time-barred. Even if the statute of limitations on Juniel's Title VII action did not begin to run until he received formal notice on April 10, 1998, Juniel needed to file a charge with the EEOC within three hundred days of April 10, 1998, or by February 4,

5

1999. Juniel did not file his charge with the EEOC until April 21, 1999. Thus, Juniel's Title VII claim is time-barred. However, Juniel relies on the equitable doctrines of estoppel and tolling in an attempt to make his claim timely.

Juniel argues that his claim did not accrue until he first discovered the information from which he ascertained the alleged unlawful nature of his termination. According to Juniel's affidavit, this discovery occurred at some indeterminate time after his dismissal when his wife allegedly saw a directory of the school district for the fall of 1998, where two Caucasians were listed as "District office technology" staff.[4] Contrary to Juniel's assertion, a plaintiff's claim accrues when he discovers that he has been *injured*, not when he determines that the injury was *unlawful*. *Thelen v. Marc's Big Boy Corp.*, 64 F.3d 264, 267 (7th Cir. 1995). Rather, while his contention has nothing to do with accrual, Juniel seems to be asserting the doctrines of equitable estoppel and equitable tolling. *See Teumer v. Gen. Motors Corp.*, 34 F.3d 542, 550 (7th Cir. 1994) (finding that the plaintiff's argument regarding accrual was actually an argument for equitable estoppel and equitable tolling). Juniel actually is insisting that the limitations clock should be equitably estopped or tolled for the time in which he was unable to determine that his

---

[4]The only evidence Juniel presents to support this allegation is his own affidavit, in which he states, "[l]ater after my dismissal my wife, a teacher at the school district, saw a directory of the school district for the fall of 1998, where Mike Nicolai, (Caucasian) and Robert Thomas (Caucasian) are listed as 'District office technology' staff." (Juniel Aff. ¶ 3.). It is likely this paragraph of Juniel's affidavit would be insufficient evidence to establish there exists a genuine issue of material fact regarding the accrual of Juniel's claim because: (1) it is not made upon Juniel's personal knowledge, (2) it is not specific enough, and (3) it is not supported by evidence. *See* FED. R. CIV. P. 56(e) (establishing standard for affidavits). Nonetheless, the court need not address this issue because – even considering this paragraph of Juniel's affidavit – Juniel's theories of equitable tolling and equitable estoppel fail to save his Title VII claim from being time-barred.

injury (of which he was aware) – the termination – was due to wrongdoing. *See Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir. 1990) ("[E]quitable tolling differs from the [discovery rule] in that the plaintiff is assumed to know that he has been injured, so that the statute of limitations has begun to run; but he cannot obtain information necessary to decide whether the injury is due to wrongdoing and, if so, wrongdoing by the defendant."). Therefore, the court will address Juniel's arguments in light of the equitable doctrines of estoppel and tolling, even though he fails to label this arguments as such.

### 1. Equitable Estoppel

First, Juniel may be arguing that equitable estoppel applies to the period of time between his termination and the indeterminate day when he learned that two Caucasians allegedly were doing the work he had previously performed. This argument fails. "Equitable estoppel – sometimes referred to as fraudulent concealment – comes into play if the defendant takes active steps to prevent the plaintiff from suing in time, such as by hiding evidence or promising not to plead the statute of limitations." *Thelan*, 64 F.3d at 267 (internal citations omitted). Juniel has not argued or provided any evidence that the District took active steps to prevent him from suing in time. *See id.* (refusing to apply the doctrine of equitable estoppel when an employer allegedly misled an employee about the employee's replacement, because such an argument "would eviscerate the concept of a limitations period."). *See also Cada*, 920 F.2d at 556 (denying such an argument in an ADEA case because this argument "implies that a defendant is guilty of fraudulent concealment unless it tells the plaintiff, 'We're firing you because of your age.'"). Therefore, the doctrine of equitable estoppel does not save Juniel's Title VII claim from being time-barred.

7

## 2. Equitable Tolling

Second, Juniel may be arguing that equitable tolling applies to the time between his termination and his alleged discovery that two Caucasians had taken over many of his job duties. However, this argument fails as well. A plaintiff may toll the statute of limitations if, despite all due diligence, he is unable to obtain enough information to conclude that he may have a discrimination claim. *Thelan*, 64 F.3d at 268. Equitable tolling does not postpone the running of the statute of limitations until the plaintiff is *certain* his rights had been violated. Rather, the limitations period begins to run when a reasonable person would believe he *may* have a cause of action. *Id.* This is especially true when the plaintiff need only file a charge with an administrative agency because "[a] plaintiff has no duty of prefiling investigation for an administrative complaint. To the contrary, one purpose of filing an administrative complaint is to uncover facts related to the case." *Id.* (citation omitted).

Moreover, unlike equitable estoppel, the court does not grant the plaintiff a fresh three hundred days to file his charge once he obtains enough information to suspect discrimination; he must file his charge with the EEOC within a reasonable time. *Id.* at 268. Presuming that the school directory for the fall was distributed at some time before the fall, Juniel waited several months, until April 21, 1999, to file his charge. Without some justification, such a delay is unreasonable; Juniel could have filed his administrative complaint within days, and at most weeks, of when his wife allegedly saw the school directory for the fall. *See id.* (finding that plaintiff could have filed his administrative complaint within days or weeks of the date he learned who his replacement was). Juniel provides no plausible justification for waiting several

8

months after he suspected he was a victim of race discrimination before filing an administrative complaint with the EEOC. Therefore, the doctrine of equitable tolling does not save Juniel's Title VII claim from being time-barred.

In sum, neither the doctrine of equitable estoppel nor the doctrine of equitable tolling applies to Juniel's Title VII claim. Because Juniel's Title VII claim is time-barred, the District is entitled to judgment as a matter of law on Juniel's Title VII claim. Accordingly, the court grants the District's motion for summary judgment on Juniel's Title VII claim.

## CONCLUSION

For the foregoing reasons, the court (1) grants defendant's motion for summary judgment on plaintiff's Title VII claim, (2) denies as moot defendant's motion to strike, and (3) denies as moot plaintiff's motion to strike.

Date: SEP 20 2001

James H. Alesia
United States District Judge